[S. F. No. 9510. In Bank.—June 17, 1921.]

JOHN E. McDOUGALD, as Treasurer, etc., Respondent, v. FIRST FEDERAL TRUST COMPANY, as Executor, etc., et al., Appellants.

[1] INHERITANCE TAX—WIFE'S INTEREST IN COMMUNITY PROPERTY—LAW CONTROLLING.—The community property going to the wife upon the death of the husband is taxable as an inheritance and the law in force at the time of death controls.

[2] ESTATES OF DECEASED PERSONS—WIFE'S INTEREST IN COMMUNITY PROPERTY—MANNER OF SUCCESSION.—A wife upon the death of the husband takes her half interest in the community property as an heir of the husband.

[3] INHERITANCE TAX — VOID TRANSFER OF COMMUNITY PROPERTY — RECOVERY OF WIFE'S INTEREST AFTER DEATH OF HUSBAND—LAW APPLICABLE.—Where a husband made a transfer to a trustee of all the community property without the consent of his wife, and she after his death recovered her one-half interest in the property from the trustee, the legal consequence of her action, so far as her interest in the community property was concerned, was that the husband remained seised of the community property until the moment of his death within the meaning of section 1 of the inheritance tax law of 1905, and such law and not the inheritance tax law in force at the time of the transfer determined the liability and amount of the tax upon her interest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles S. Wheeler, Charles S. Wheeler, Jr., and J. C. McKinstry for Appellants.

Hartley F. Peart and H. C. Lucas for Respondent.

Robbins, Elkins & Van Fleet and Perry Evans, Amici Curiae.

1. Liability of community property to succession tax, notes, Ann. Cas. 1913D, 496; 20 L. R. A. (N. S.) 207; 39 L. R. A. (N. S.) 1107; L. R. A. 1916C, 676.

WILBUR, J.—This proceeding was instituted by the treasurer of the city and county of San Francisco for the purpose of having an inheritance tax fixed upon the community property interests of Emma Shafter Howard in the estate of her husband, Charles Webb Howard. The property was appraised at $302,565.85 and the tax fixed under the law of 1905 at $6,589.14. The husband died July 17, 1908. [1] As it is well settled that the community property going to the wife upon the death of the husband is taxable as an inheritance under our laws (*Estate of Moffitt,* 153 Cal. 359, [20 L. R. A. (N. S.) 207, 95 Pac. 653, 1025]), and that the inheritance law in force at the time of death controls (*Estate of Stanford,* 126 Cal. 112, [45 L. R. A. 788, 54 Pac. 259, 58 Pac. 462]), the only questions arising in this case grow out of the fact that in 1903 the decedent transferred all the community property of himself and wife without her consent (see sec. 172, Civ. Code) to the Central Trust Company, to be held in trust under the terms and conditions of a written declaration of trust. After the death of her husband Mrs. Howard brought a suit against the trustee and the beneficiaries of the trust whereby she recovered her half interest in the community property.

[2] The interests of the wife in the community property secured to her by this litigation, by reason of the provisions of section 172 of the Civil Code, are no longer in doubt. She obtains the property as an heir of the husband. As to her the conveyance is treated as a nullity. (*Dargie* v. *Patterson,* 176 Cal. 714, 720, [169 Pac. 360].) As the wife takes the property as an heir of the husband and as the conveyance is ignored in determining her rights, it would seem clear that she would be liable for an inheritance tax.

Some point is made of the fact that the administrator of the husband's estate intervened in the action brought by the widow to recover her half interest in the community property and claimed the right to have the widow's half interest in the community property delivered to him for the purpose of administration and for the payment of the collateral inheritance tax. This application was properly denied. (*Dargie* v. *Patterson, supra.*) The right of the state of California to an inheritance tax was not litigated in that proceeding, the state was not a party thereto, and the judgment in favor

of the wife has no bearing upon the right of the state of California to recover an inheritance tax except as it shows that the widow has successfully maintained her right to succeed to the community property awarded to her by the judgment.

[3]   It would also seem clear from the case of *Dargie* v. *Patterson, supra,* that the wife took her interest in the community property at the time of the death of the husband. Appellant points out that under the law of 1903 the wife's interest in the community property was not taxable. If, therefore, the right of the wife was vested in her at the time of the transfer to the trustee, October 1, 1903, or relates back to that date, then the property is not taxable. The claim is that the entire title passed from the husband by his conveyance; that the widow succeeds to the title of the trustee as to one-half of the property, and that under these circumstances section 1 of the act of 1905, in effect at the time of the death of the husband, does not apply, for the reason that such section imposed a tax only upon property which shall pass by will or by the intestate laws of this state from any person who may die seised and possessed of the same while a resident of this state.

It is not only claimed that the property in question did not pass by will or by the intestate laws of this state, but also that the property did not pass from a person who was seised or possessed of the same at the moment of his death. The first contention is disposed of by what we have heretofore said in regard to the method by which the wife takes her half of the community property, namely, by succession. The same consideration likewise disposes of the second contention. While it is true that the title passed from the husband at the time of the transfer and could not be attacked as invalid by anyone except the wife, the conveyance of this community property having been made without consideration and without her consent was voidable at her option. When she exercised her option to have the transfer set aside as to her interest in the community property and secured a judgment of the court having the transfer decreed void as to her interest, the effect of this judgment was to void the transfer from the beginning. The legal consequence of her action was that so far as she was concerned and so far as her interest in the community property was concerned, the husband

remained seised of the property as community property until the moment of his death, at which time it passed to her by law of succession to the same extent as if he had never made any conveyance thereof.

Judgment affirmed.

Shaw, J., Olney, J., Lennon, J., Sloane, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.