[S. E. No. 7387. In Bank.—December 14, 1917.]

ERMINIA PERALTA DARGIE, Respondent, v. ETTA I. PATTERSON, Appellant; JOHN F. CONNERS et al., Interveners, Respondents.

HUSBAND AND WIFE — COMMUNITY PROPERTY — GIFT OR CONVEYANCE WITHOUT CONSIDERATION BY HUSBAND — CIVIL CODE, SECTION 172, CONSTRUED—RIGHT OF REVOCATION.—Under the amendment of 1891 to section 172 of the Civil Code (Stats. 1891, p. 425), denying to a husband power to make a gift of community property or to convey the same without a valuable consideration, without the wife's written consent, a gift of community property by the husband, or his conveyance of it without consideration, and without consent of the wife, is not void as to himself, and does not confer upon him in his lifetime or upon his representatives after his death any right or power of revocation or of recovery of the property.

ID.—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND WITHOUT CONSIDERATION—ESTATES OF DECEASED PERSONS—EXECUTORS AND ADMINISTRATORS—RIGHT OF ACTION.—Executors of a husband's will have no standing to join in an attack, made by a widow, by action to recover her interest in community property, conveyed by the husband during his lifetime without consideration and without her written consent.

ID.—COMMUNITY PROPERTY—GIFT BY HUSBAND WITHOUT WIFE'S CONSENT—VOIDABLE, NOT VOID—WIFE'S OPTION.—Under the amendment of 1891 to section 172 of the Civil Code, a gift or conveyance with-

out consideration, by a husband, of community property, without the written consent of the wife is not void, but voidable only at the option of the wife.

ID.—COMMUNITY PROPERTY—GIFT BY HUSBAND—AVOIDANCE BY WIFE—LIMITATION OF EXTENT WIFE'S RIGHT.—A wife's right to avoid her husband's gift or conveyance without consideration of community property is limited to the undivided one-half which, upon his death, would pass to her as survivor of the community.

ID.—COMMUNITY PROPERTY—GIFT BY HUSBAND—WIFE'S RIGHT TO ATTACK DURING EXISTENCE OF MARRIAGE.—Whether or not a wife has the right to attack, by action before the dissolution of the marriage, a gift of community property, made by the husband without her consent, is a question suggested in this case, but held not necessary to decide.

ID.—COMMUNITY PROPERTY—GIFT BY HUSBAND—WIFE'S RIGHT IN SPECIFIC PROPERTY TRANSFERRED.—The nonconsenting wife's right to avoid a gift or conveyance, without consideration by her husband, of community property is the right to recover the undivided one-half of the specific property, without regard to the amount or condition of the estate remaining in his hands at the time of his death.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and McClanahan & Derby, for Appellant.

A. A. Moore, and Stanley Moore, for Respondent.

Fitzgerald, Abbott & Beardsley, and Edgar D. Peixotto, for Interveners, Respondents.

SLOSS, J.—On October 20, 1910, William E. Dargie signed a deed purporting to convey to the defendant, Etta I. Patterson, a parcel of land in the city of Oakland.   Dargie died on February 10, 1911.   By the present action his widow attacks the validity of said deed upon the ground, principally, that the land described in it was community property of herself and William E. Dargie; that the conveyance was without consideration, and that she had not consented to it.   The complaint also contains an allegation that the instrument was never delivered.   The answer of the defendant put in issue

many of the allegations of the complaint. Before the case came on for trial, two of the three executors of the will of William E. Dargie intervened, and joined with the plaintiff in assailing the conveyance.

When the case came on for trial the parties entered into a stipulation disposing of many of the issues raised by the pleadings. It was admitted, for the purposes of the trial, that William E. Dargie and the plaintiff were husband and wife from December 15, 1881, until the death of Dargie; that all of the estate left by Dargie, as well as the property covered by the deed in controversy, was community property; that there was no consideration for said deed, and that the same was executed without the knowledge of the plaintiff, and without her consent, oral or written. Findings were made in accord with the stipulation.

Evidence was offered on the issue of delivery, and the court found that the instrument was delivered to the defendant on October 20, 1910.

Finding these facts, with some others which, so far as necessary, will be referred to later, the court concluded that the deed under which defendant claims the property is wholly void; that defendant has no right, title, or interest in or to said real property, and that the whole thereof is community property of William E. Dargie and the plaintiff, and forms a part of the estate of said William E. Dargie, deceased. From the judgment entered pursuant to these conclusions, the defendant appeals.

The questions presented for decision turn upon the effect of the amendment of 1891 (Stats. 1891, p. 425) to section 172 of the Civil Code. That section as originally enacted provided: "The husband has the management and control of the community property, with the like absolute power of disposition other than testamentary as he has of his separate estate." By the amendment referred to these words were added: "Provided, however, that he cannot make a gift of such community property, or convey the same without a valuable consideration, unless the wife, in writing, consent thereto." The proviso was first brought to the attention of this court in *Spreckels* v. *Spreckels*, 116 Cal. 339, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]. The decision in that case went off on the ground that the amendment could not operate upon property acquired and owned before the

enactment of the proviso. Neither in that case nor in any other decided up to the time when the first briefs on the present appeal were filed was there a ruling by this court touching the effect of the amendment on conveyances of community property acquired after the proviso became law. We have, however, during the pendency of this appeal had occasion to consider this very subject. Our recent decision in a second case entitled *Spreckels* v. *Spreckels,* 172 Cal. 775, [158 Pac. 537], has removed from the field of controversy some of the questions which counsel in the present appeal have elaborately argued in their briefs. We there said, among other things (172 Cal., p. 782, 158 Pac. 539) : "The proviso of 1891 does not render a gift of community property by the husband without the consent of the wife void as to him, nor confer upon him, in his lifetime, or upon his personal representatives after his death, any right or power to revoke the gift or recover the property. There is nothing in the language to express the idea that the title does not, as before, remain wholly in him. The provision is merely for a limitation upon his power to dispose of it. He is bound by his own gift as fully as if it was of his separate estate."

Nothing need be added to these expressions to demonstrate that the executors of the husband's will had no standing to join in the widow's attack upon the conveyance. Their intervention was based upon the theory that, under the amendment to section 172, the conveyance was absolutely void, and that the husband's representatives retained the same interest in the property that they would have had if the conveyance had not been made. So, too, the decision disposes of the contention, pressed by the widow as well, that the deed is an absolute nullity, and does not affect the ownership of the property in any degree. The gift, it is declared in the case just cited, is not void, but "only voidable by the wife at her option." The court goes on to amplify and explain this statement by means of the following quotation from the decision in *Wildes* v. *Vanvoorhis,* 81 Mass. 139, 143: "In many cases where a transaction is declared void in terms by the rule of the common law, or even expressly by statute, where the obvious interest of the rule is to secure and protect the rights of another party, the construction of law is, that it is voidable so far that it shall not operate to defeat or impair those rights. Such deed is not a dead letter; but

can be avoided by such persons only, and at such time, and in such manner, as may be necessary to secure those rights. In other respects it has its natural effect.''

What, then, is the conclusion to be drawn? May the wife avoid the deed in its entirety, or only so far as is necessary to protect her rights? While this question was not directly answered in *Spreckels* v. *Spreckels,* or in the later case of *Winchester* v. *Winchester,* 175 Cal. 391, [165 Pac. 965], the only logical conclusion is that the wife's right to assail the conveyance where, as here, the action is brought after the husband's death, is limited to an undivided half of the property. During his lifetime the husband, notwithstanding the statutory limitation upon his power of disposition, is the owner of the community property. The proviso attached to section 172 does not impair his right to dispose of the property, so far as concerns his own interest and that of those claiming under him. If he had made no conveyance, the widow would, upon his death, have been entitled to one-half of the property in question, as of all other community property. The other half would have passed to his heirs or devisees, and the widow, as such, would have had no interest in it. His heirs or devisees are bound, as he himself was bound, by the conveyance made. Why, then, should the widow's claim extend to any more than the one-half which would pass to her as survivor of the community. The privilege of avoiding the gift is conferred upon her as a means of protecting her interest in the community property. We see no reason why, in assailing the gift, she should enjoy greater rights than she would have had if the gift had never been made. Furthermore, if the deed should be set aside in its entirety, and the property restored to the community, the one-half not passing to the widow would be distributed as a part of the husband's estate. His representatives and successors would, therefore, be in the very position which they would occupy if they were entitled, in their own right, to disaffirm the conveyance—a thing which, as we have seen, they cannot do. It is not necessary to the widow's protection that she attack the transfer, except as to one-half, and she should not be allowed to attack it for the benefit of others who are bound by it.

It is argued, on behalf of the plaintiff, that the wife need not await the dissolution of the marriage by death to attack

such a conveyance; that she may, during the lifetime of her husband, bring an action to protect her interest in the community property. This question was mentioned, but not decided, in the later Spreckels case, *supra.* There is no occasion to decide it here. If such action may be brought by the wife during the husband's lifetime, the relief could go only so far as to bind the property to such extent as may be necessary to protect the ultimate interest of the wife, in case the marriage should be dissolved by divorce or the death of the husband. It cannot be held that she would, by proceeding during the existence of the marriage, be entitled to set aside the conveyance in its entirety. Such holding would be in direct conflict with the now established rule that the conveyance is binding upon the husband.

It follows that the judgment declaring the conveyance void and decreeing that the grantee has no interest in the property cannot stand.

Certain facts, in addition to those already stated, were stipulated by the parties, and found by the court, and the appellant's claims, based upon these further facts, call for notice. It was agreed and found that the value of the estate of W. E. Dargie subject to distribution exceeds five hundred thousand dollars; that the value of the land involved in this action does not exceed one hundred thousand dollars. All of this was community property. It appearing, therefore, that the amount of the estate which passed into the hands of the executors was sufficient to satisfy the claim of the widow to one-half of all the community property, including the lot conveyed without her consent, she must, it is argued, seek satisfaction of her demand for one-half of the community estate out of the property retained by the testator until his death, instead of proceeding against his grantee. We may assume, for the purposes of this discussion, that the record shows that the debts of the estate and the expenses of administration are not sufficient to reduce the balance in the hands of the executors beyond the amount necessary to meet such claim of the widow.

The appellant's position is based upon the suggestion made by Chief Justice Beatty in his concurring opinion in the first Spreckels case. The late chief justice thus expressed his view (116 Cal. 350, [48 Pac. 232]) : "Upon the dissolution of the community by the death of the husband, or by divorce, I

think that in estimating her share of the community property she would be entitled to have any property given away by the husband subsequent to the act of 1891 reckoned as a part of the community assets, and that she would be entitled to reclaim from the donee enough to make up her half of the whole, if less than one-half remained undisposed of. In all ordinary cases this would be a proper and sufficient remedy for any infringement of her rights. . . . If the wife survives her husband, she will get her full share of the community property out of that which remains. If the husband survives the wife, he will get everything that he has not voluntarily parted with." No other member of the court joined in these declarations, a majority of the justices concurring in an opinion which held, merely, that the amendment of 1891 had no application to the property involved. The opinion of the chief justice does not, therefore, constitute authority which is in any sense binding. In the light of the further discussion of the subject in the second Spreckels case, we are not disposed to adopt the suggested rule. The widow, upon showing the existence of the facts bringing a conveyance within the terms of the proviso of section 172, is entitled, so far as her rights are concerned, to treat that conveyance as a nullity. She has the right to avoid the conveyance so far as is necessary for the protection of her interest in the property conveyed. As to her, the case must be regarded as if there had been no conveyance, and the property had, accordingly, remained a portion of the community estate, of which the husband had died seised. Upon his death, she succeeded to one-half of such community estate as heir of the husband. (*Estate of Burdick,* 112 Cal. 387, [44 Pac. 734]; *Sharp* v. *Loupe,* 120 Cal. 89, [52 Pac. 134, 586]; *Cunha* v. *Hughes,* 122 Cal. 111, [68 Am. St. Rep. 27, 54 Pac. 535]; *Estate of Moffitt,* 153 Cal. 359, [25 L. R. A. (N. S.) 207, 95 Pac. 653, 1025].) Her right to succeed as such heir goes to every part and parcel of the community estate. Immediately upon his death she became the owner of an undivided one-half interest in every item of property owned by him, including the parcel of land which he had conveyed, but which, as against her objection, must be treated as still a part of the community property. Since, however, the conveyance made by him is binding upon those who claim under his will, and she cannot pursue her rights through the

medium of any action instituted by the executors, she must have the right to proceed directly against the grantee claiming to hold the land in opposition to her right. If, then, she, upon the death of the husband, is the legal owner of one-half of the land, on what ground can it be said that she should be divested of this legal ownership, and be required to resort to a proceeding against the other heirs of the husband for reimbursement to the extent of the value of the property of which she is thus deprived? Ordinarily, the owner of an interest in specific real or personal property cannot be compelled against his will to surrender title to the specific property, and take in exchange therefor other property of like value, or the money equivalent of such value. The only reason for requiring the widow to seek recourse out of the other property of the estate is that thereby the gift in its entirety will be enforced against the grantor and his devisees, as to all of whom it was valid. But we are not, in this proceeding, passing upon the relative equities of the devisees and the grantee named in the deed. If any such equity exists in favor of a grantee who has given no valuable consideration for the conveyance, the widow is in no way affected thereby. Taking, as a volunteer, a conveyance declared by the law to be voidable at the option of the nonconsenting wife, the grantee knowingly runs the risk that the wife may elect to avoid the transfer. Such rights as may exist in favor of the grantee against those claiming under the husband's will cannot be worked out through the wife, but should be sought in an action brought directly against the parties concerned.

We conclude, therefore, that upon the death of a husband who has attempted to convey community property contrary to the provisions of section 172, his nonconsenting wife may recover an undivided one-half of such property in an action brought against the grantee, and this without regard to the amount or condition of the estate remaining in his hands at the time of his death. Such is the case disclosed by the findings of fact, none of which are assailed on this appeal. There is no occasion to order any further trial.

The judgment is reversed, with directions to the trial court to enter judgment that the plaintiff is the owner of an undivided one-half interest in the property in question, and that the defendant is the owner of the other undivided one-half

thereof. The rents, issues, and profits which have accrued during the pendency of the litigation should, by the terms of the judgment, be divided in accordance with this conclusion.

Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.