[S. F. No. 12775. In Bank.—September 30, 1929.]

CATHERINE E. LAHANEY, Appellant, v. IVY L. LAHANEY et al., Respondents.

Raymond D. Williamson and W. A. Breen for Appellant.

Ramsay Moran and Sloss & Ackerman for Respondents.

RICHARDS, J.—On January 27, 1919, Joseph F. Lahaney was, and for more than ten years prior thereto had been, the owner of four parcels of land in the city and county of San Francisco. Two of these parcels of land had been purchased by him in 1909, one in 1913 and one in 1917. They all stood in his name alone, but it is con-

ceded that they were each and all the community property of himself and his wife, Ivy L. Lahaney. On January 27, 1919, Joseph F. Lahaney made and executed a grant deed of each and all of these four parcels of land to the two grantees named therein, viz.: his wife, Ivy L. Lahaney, and his sister, Catherine E. Lahaney, granting to each "an undivided one-half interest in and to all his right, title and interest" in said parcels of land. It is conceded that the consideration for this deed was nominal and that in substance and effect it was as to each of said grantees a deed of gift. This deed, while thus executed on the last-named date, was not delivered to either of said grantees until December 27, 1921, when it was delivered to Catherine E. Lahaney, the plaintiff herein and one of said grantees. The deed was recorded on November 19, 1922. Joseph F. Lahaney died intestate on September 9, 1922, and thereafter his widow, Ivy L. Lahaney, was duly appointed and qualified as the administratrix of his estate. Thereafter and on November 18, 1922, this action was instituted by Catherine E. Lahaney to determine the respective interests of the parties thereto in said four parcels of land, and to have a partition thereof accordingly among the persons found to be entitled thereto.

At the time of his aforesaid conveyances of said four parcels of land in equal undivided interests to the two grantees named therein Joseph F. Lahaney was the sole owner of the entire vested estate and interest in said parcels of land. Being community property, the interest of his wife therein at the time of such conveyance was "a mere expectancy and possessed none of the attributes of an estate either at law or in equity." (*Stewart* v. *Stewart,* 199 Cal. 318, 335 [249 Pac. 197, 201], and cases cited.) The respondents herein concede that such is the law of this state as declared in our said recent decision and in the long line of cases cited in its support. His said deed, therefore, by its express terms conveyed his entire interest and estate in each and all of said properties. By its express terms, also, he granted to each of his said grantees "an undivided one-half interest" therein. Having thus conveyed to his two grantees the entire estate in said properties in equal undivided shares, it follows irresistibly that it was his intention to thereby vest in each an equal undivided one-

half thereof. No other intention can possibly be contorted out of the express substance and terms of said conveyance.

■ This deed of Joseph F. Lahaney was not as to any portion thereof *void*. This the respondents also concede to be the law as particularly laid down in the case of *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537, 539]. The language of this latter decision is instructive as having particular reference to the effect of the amendment to section 172 of the Civil Code made in the year 1891 (Stats. 1891, p. 425), requiring the consent in writing of the wife to the husband's gift or conveyance without a valuable consideration of the community property, and with respect to which it is stated in said decision, written by Mr. Justice Shaw and concurred in by Mr. Justice Sloss, as follows: "We are satisfied that the proviso of 1891 does not render a gift of community property by the husband without the consent of the wife void as to him, nor confer upon him in his lifetime or upon his personal representative after his death any right or power to revoke the gift or recover the property. There is nothing in the language to express the idea that the title does not, as before, remain wholly in him. . . . Neither does the proviso purport to vest in the wife any present interest or estate in the community property given away by the husband without her written consent." It thus follows that the aforesaid deed of Joseph E. Lahaney was not a *void*, but was a *valid* deed, subject only to the right in the wife to institute, seasonably, in equity an action to revoke said deed and reinstate the property as "community property with the title vested in the husband and subject to sale by him as before." (*Spreckels* v. *Spreckels, supra.*) The deed of Joseph F. Lahaney was thus valid, though voidable, on its execution.

■ It was also valid as to its delivery upon December 27, 1921, in so far as each and both of its grantees are concerned, since if its delivery upon said date to Catherine E. Lahaney, one of said grantees, was not also a sufficient delivery to Ivy L. Lahaney, the other of said grantees, under the provisions of section 1059 of the Civil Code, then as to the latter there was no other delivery of said deed, and this judgment for that reason would have to be reversed. The fact that Ivy L. Lahaney was unaware of the making or delivery of said deed prior to the death of

Joseph F. Lahaney could only affect the seasonableness of her right to institute an action to set aside such deed. (*Spreckels* v. *Spreckels, supra.*) ▮ We thus arrive at the irresistible conclusion that Joseph F. Lahaney in his lifetime and by said valid deed and by the aforesaid valid delivery thereof as to both of his grantees had fully conveyed the whole estate in the properties described therein to the said grantees thereof in equal undivided interests, share and share alike. This being so, there remained in him at the time of his death no part of said properties which could or did become a part of his estate, or that his heirs or personal representatives would have been entitled to recover as such. (*Dargie* v. *Patterson,* 176 Cal. 714, 718 [169 Pac. 360, 361].) ▮ It thus appears that the only outstanding right or equity, if any, existing upon the death of the husband was the same right or equity which, as his wife, she had possessed prior to his death to have set aside a conveyance by way of gift by him which injuriously affected her community right in and to the properties of the community, which right prior to his death was but an expectancy, but which as to any community property owned by him at the time of his death had ripened into a vested estate. We are thus brought back to a consideration of the effect of the husband's conveyance to his two grantees of his entire ownership and interest in the properties in question by the same identical instrument. First as to the wife. Prior to said deed she had, as we have seen, only an expectancy in each and every portion of said properties to the extent of an undivided one-half thereof. Her whole present right therein consisted, under the authorities above referred to, in the right to have a court of equity protect that inchoate expectancy against injurious invasion on her husband's part through his gift thereof to another. When, however, her husband by his said deed to her converted her said inchoate expectancy in and to an undivided one-half of said community properties into a present vested interest therein and in the whole thereof as her sole and separate estate he gave and granted to her all of her right and expectancy both in law and equity in said properties and in the whole thereof. It is true, as the respondents herein assert and as the authorities hold, that the wife's community interest in such properties runs to the whole and

every portion thereof, but so, also, did the husband's deed herein. To construe such deed otherwise than as transferring to the wife her entire right and equity in the whole of said properties would be to deny the husband both the right to convey to his wife her whole right and interest, present and future, in the community property and the whole thereof, but would also be to deny to the husband his right to dispose by gift of his undivided one-half in and to the whole of the community estate. In the case of *Dargie* v. *Patterson, supra,* this court, Mr. Justice Sloss writing the opinion, went fully into this subject, holding in harmony with the prior decision of this court in the second case of *Spreckels* v. *Spreckels, supra,* that, ''The only logical conclusion is that the wife's right to assail the conveyance where, as here, the action was brought after the husband's death, is limited to an undivided half of the property. During his lifetime the husband, *notwithstanding the statutory limitation upon his power of disposition is the owner of the community property. The proviso attached to section 172 does not impair his right to dispose of the property so far as concerns his own interest and that of those claiming under him.*'' There would thus seem to be no escape from the effect of our holding in the case of *Dargie* v. *Patterson, supra,* wherein this court upheld the gift to a stranger of the husband's one-half of the community property and only set aside his conveyance as to the wife's or widow's undivided one-half interest therein. The conclusion would seem to be irresistible that when by the same identical deed the wife has fully received and has fully accepted her equal undivided one-half of the community properties, she has no remaining right in law or equity, either before or after the death of the husband, to assail his contemporaneous gift to another of his own equal undivided interest in the same property.

The judgment herein holding to the contrary should be and is reversed.

Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

PRESTON, J., Concurring.—I concur. I have been led to concur in the conclusion in this case and, in a large

measure, in the reasoning upon which it rests. It seems that the death of Lahaney, prior to action of any kind or even knowledge on the part of the wife respecting the execution of said deed, is an important factor. Had he deeded the whole property to the sister, the wife, after his death, could have avoided it only as to the one-half thereof representing her share of the community estate. (*Dargie* v. *Patterson*, 176 Cal. 714 [169 Pac. 360].) If the deed is clear in its terms and shows the husband intended to give his sister the whole of the one-half of the community property over which he had testamentary power, and to exclude his wife therefrom, the deed, delivered after his death, is tantamount to a will or bequest which made this intention clear. In other words, the husband's intention is the controlling element. If he intended to exclude the wife and the wife did not or could not act prior to the falling in of the community estate upon his death, then his intention must be given effect. The deed seems to bear no other construction than that the husband did so intend to exclude the wife from the community property over which he had the right of testamentary disposition.