[L. A. No. 12351. In Bank.—June 23, 1932.]

MARGARET PRETZER, Respondent, v. HEINRICH PRETZER et al., Appellants.

Irvine P. Aten for Appellants.

B. M. Benson for Respondent.

TYLER, J., *pro tem.*—Action to cancel a deed and quiet title to certain real property. The action was instituted by Margaret Pretzer against Heinrich Pretzer, her former husband, and Peter Pretzer, her father-in-law. The deed sought to be canceled was executed July 15, 1926, by the husband to his father. Heinrich Pretzer and Margaret Pretzer were married in the year 1921 and they separated December 4, 1928. In 1929 plaintiff instituted an action for divorce against her husband. In such action she asked to be awarded the custody of a minor child, support for herself and such child, and also a division of the property consisting of the real estate here involved and some personal property, all of which was alleged to be the community property of the parties. After trial the court found in favor of plaintiff, granted her an interlocutory decree of divorce, gave her the custody of the minor child, with provision for its support, and decreed that the property was community in character and disposed of it between them. As to the real property here involved, the decree awarded an undivided one-half interest to each, and each was decreed to be the owner of such interest. The husband's interest was impressed with a lien to insure the payment of twenty-five dollars per month for the care and support of the minor child. The interlocutory decree was rendered June 12, 1929, and it became final, no appeal having been taken therefrom.

The present action was commenced October 19, 1929. In the first cause of action, which is one to quiet title; it is alleged that Margaret Pretzer and Heinrich Pretzer are the owners of the property in question and it is sought to quiet their title against the estate or interest in the property asserted by Peter Pretzer under his deed. The second cause of action alleged that the property was acquired by Margaret and Heinrich Pretzer during coverture as community property; that the deed from Heinrich Pretzer to Peter Pretzer was made without the knowledge or consent of Margaret Pretzer, and without her joining therein, and without consideration therefor, and for the purpose of defrauding her out of her interest in the property. To this complaint the father and son filed a joint answer. Ownership in Margaret and Heinrich was denied and it was

alleged that the property was originally the separate property of Heinrich, having been acquired by him during coverture by means of a gift of money from the father, who, it was alleged, owned the property by reason of the deed to him by Heinrich; that such deed conveyed the separate property of Heinrich to Peter and vested title in him. The answer practically amounted to a disclaimer in the property by Heinrich, and asserted title in Peter. The trial court found that Heinrich claimed no interest in the property; that it was originally acquired by Margaret and Heinrich from their joint earnings during coverture and not by means of a gift from father to son; that the deed was without consideration, fraudulent, and therefore void. The judgment canceled the deed and quieted title to the entire parcel in Margaret against both father and son.

Defendants appealed to this court from the judgment, and the case was transferred to the District Court of Appeal, Fourth District, for decision. The court properly modified the award and decreed plaintiff to be the owner of one-half of the property in lieu of all of it, but followed the decision of the trial court in holding the deed from Heinrich, the husband, to Peter, the father, void and ineffective for any purpose. In this the court committed error. A deed to community property, executed without the wife's consent, while ineffective as to her interest, is valid and binding as to the husband's one-half interest. (*Dargie* v. *Patterson*, 176 Cal. 714 [169 Pac. 360]; *Lahaney* v. *Lahaney*, 208 Cal. 323 [281 Pac. 67].) This being so the grantee named in such a deed would acquire an interest in the property and the deed should not, therefore, be decreed to be wholly void and should not be canceled.

From what we have said it follows that the portion of the judgment canceling the deed is erroneous, as is also the portion quieting respondent's title to all of the property as the wife was the owner of but an undivided one-half interest therein with simply a lien upon the other half to insure the award made in the divorce decree.

Appellants also urge a reconsideration of the evidence relating to the character of the property involved, it being claimed that the finding in this respect is not supported by the evidence. Respondent testified positively to the source and amount of the earnings of both herself and

her husband, and that these earnings were used to purchase the vacant lot in question and to build thereon the dwelling, and that no other money was used for this purpose. This evidence is amply sufficient to support the finding objected to.

From what we have said it follows that the judgment cannot stand. Accordingly, the trial court is directed to modify its findings and judgment in accordance with the views herein expressed and enter judgment in conformity with such views.

Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.