[L. A. No. 14562.   In Bank.—December 6, 1935.]

JOHN H. BRITTON, Administrator, etc., Respondent, v. D. C. HAMMELL, Appellant.

Dana R. Weller and Thomas H. Hearn for Appellant.

Leland J. Allen for Respondent.

LANGDON, J.—This is a second appeal in the same cause. In the first, a judgment for defendant was reversed. (*Britton* v. *Bryson*, 216 Cal. 362 [14 Pac. (2d) 502].) Upon a retrial of the case, judgment went for plaintiff, and defendant appealed.

John H. Britton procured a decree of divorce from Sophie Britton in Bent County, Colorado, March 30, 1891. He acquired property in 1916. In 1923 and 1924 he conveyed title to said property to Rose E. Britton, supposedly his wife. She later conveyed it to him as his separate property. Rose E. Britton died in 1926, and John H. Britton then made deeds of gift to defendant D. C. Hammell.

In 1926 Sophie Britton brought this action against John H. Britton and defendant Hammell to declare the deeds to Hammell void, and to compel the return of the property to the community. Answers were filed, but the divorce decree of 1891 was not pleaded. In 1927 John H. Britton died, and his administrator, Frank Bryson, substituted as a party defendant, pleaded the 1891 decree as a bar. Thereafter, in 1928, Sophie Britton brought an action in Bent County, Colorado, and procured a judgment annulling the divorce decree of 1891, for fraud.

The lower court in the first trial of this cause held that the Colorado decree of 1891 was valid. In *Britton* v. *Bryson, supra,* this court reversed the judgment. Substantially the same evidence was presented at the new trial, and the lower court concluded that the plaintiff was still the wife of John H. Britton at the time the deeds were made, that they were, in consequence, void for lack of her consent. Sophie Britton has since died, and her administrator has been substituted as plaintiff.

The merits of this appeal are concluded by our first decision already referred to, and only one point raised by appellant requires discussion. He contends that assuming the invalidity of the deeds of gift, nevertheless under our decision in *Trimble* v. *Trimble*, 219 Cal. 340 [26 Pac. (2d) 477], the wife may set them aside only as to one-half thereof. The above decision, however, was concerned with an action by the wife after her husband's death, and proceeded on the theory that at his death he had a right to dispose of that part of the property, and her right was therefore limited to recovery of one-half. In the instant case the action was commenced by

the wife during the husband's lifetime, to restore the property to the community. There appears to be no case in this state which determines the extent of the rights of the wife who, during the marriage, attacks a gift of community property made by the husband to a third party. (See 1 So. Cal. L. Rev. 467.) The decisions, reviewed in *Trimble* v. *Trimble, supra,* all involve actions brought by the wife after the husband's death.

There is, in our opinion, a sound reason why the wife, suing during the marriage, should be permitted to set aside the gift of community property in its entirety. If she were only permitted to recover a one-half interest, and that one-half interest recovered were to remain community property, it would still be subject to the husband's control, with the result that the protection given the wife by the statute would be substantially nullified. ▮▮▮▮ If, on the other hand, the one-half interest recovered were regarded as her separate property, there would be a resulting division or partition of the community property during the marriage by the husband's arbitrary act, without consent of the wife. Our law does not contemplate this means of dividing the community property. It provides only for division after dissolution of the community by death or divorce, or by transfer by the husband with the wife's consent to a third person or to the wife.

It is true that there is also no express provision in our statutes to cover the situation where the wife sues after the husband's death. The case of *Trimble* v. *Trimble, supra,* and other decisions holding that recovery in such case is limited to one-half the property, must rest, ultimately, upon the theory that the husband had the right, at his death, to give away one-half by will; and that his gift before death, if limited in effect to one-half the property transferred, could be viewed as the equivalent of a provision by will. (See concurring opinion of Preston, J., in *Lahaney* v. *Lahaney,* 208 Cal. 323, 329 [281 Pac. 67].) But this theory cannot justify a similar result where the wife brings her action during the marriage. The husband has no right, prior to death, to give away any of the community property without the wife's consent; and the gift cannot be regarded as the equivalent of a will because the time for effective exercise of the power of testamentary disposition has not yet arrived. Suppose, for example, the parties are divorced for the adultery or extreme cruelty of the

husband, and the court, as it must, awards the greater part of the community property to the wife. (*Quagelli* v. *Quagelli*, 99 Cal. App. 172 [277 Pac. 1089].) Should the husband's prior gift, in violation of the law, be permitted to defeat this power of the court to compensate the innocent party?

Enough has been said to show clearly that the full measure of protection of the wife's rights during the existence of the community can only be gained by restoring the entire property to the community. This being so, the prior cases limiting recovery to one-half are not inconsistent, because they all hold, in substance, that the wife's rights after death of the husband are fully protected by that limited recovery.

The judgment is affirmed.

Conrey, J., Curtis, J., Shenk, J., Seawell, J., Waste, C. J., and Thompson, J., concurred.

Rehearing denied.