[Civ. No. 13689. First Dist., Div. Two. Sept. 14, 1948.]

GEORGE E. DYNAN et al., Respondents, v. EDITH GAL-LINATTI, Individually and as Executrix, etc., Appellant.

Irving M. Lineer and G. Fred Skaff for Appellant.

Herman W. Mintz and J. A. Gunning for Respondents.

NOURSE, P. J.—Edith Gallinatti, individually and as executrix of the will of her husband, Mack Gallinatti, appeals from the order denying her motion for a new trial; and from that portion of the judgment rendered in favor of plaintiffs, a copartnership engaged in the financing of loans, decreeing that certain sums of money are secured by a chattel mortgage upon decedent's interest in the community property consisting of certain household furniture and furnishings.

The oral stipulation of facts upon which the case was tried is as follows:

Mack Gallinatti on June 19, 1946, made and delivered to respondents a promissory note and a chattel mortgage to secure the payment, the mortgage being upon the community household furniture and furnishings located in the family home. He signed his name and forged that of his wife to both the note and mortgage, having both signatures acknowledged before a notary public. Appellant did not give her consent to the signing of her name on either note or mortgage and had no knowledge of them.

Mack Gallinatti died on July 4, 1946. The chattel mortgage was recorded one day after his death. On July 29, 1946, Edith Gallinatti was appointed executrix of the will of her husband. Respondents duly presented and filed a claim against the estate which was rejected by the executrix as a secured claim but allowed as an unsecured claim. Thereupon respondents filed this action to foreclose the lien of the chattel mortgage on the community household furniture and furnishings. It is conceded that as the chattel mortgage was not recorded until after the death of her husband, appellant had no knowledge of its execution and no opportunity to set it aside during her husband's lifetime.

Appellant contends that said chattel mortgage is void, basing this contention on section 172 of the Civil Code which

states in part: "The husband has the management and control of the community personal property, with like absolute power of disposition . . . provided, however, that he cannot . . . sell, convey or encumber the furniture, furnishings, or fittings of the home, or the clothing or wearing apparel of the wife or minor children that is community, without the written consent of the wife." Appellant argues the language of the code is clear and unambiguous and therefore when Mack Gallinatti attempted to make a chattel mortgage covering the furniture and furnishings of the home without first securing the consent and signature of his wife his act was an idle act insofar as creating any lien. Appellant agrees that respondents have a valid claim against the estate for the money loaned but she denies that they have a lien on any portion of the household furniture.

Respondents argue that section 172 is intended to be a limitation of the husband's power of disposition only during the continuance of the marital relationship and that, when such relationship is dissolved by death, the wife can disaffirm as to only her one-half of the community property, hence, that the mortgage is good as to the husband's undivided half-interest. The trial court adopted the reasoning of respondents and gave judgment against the estate with a lien "upon decedent's interest in the . . . community property" covered by the mortgage.

The code section is clear and calls for no judicial interpretation. It declares in positive terms that a husband "cannot" encumber the household furniture of the community. It does not say that he can encumber his one-half share of such community property, but that he cannot encumber "the" furniture, wearing apparel of the wife, etc. Here the word "the" means any or all and it is used without any exception or qualification. When the Legislature has spoken in plain and unmistakable language it is our duty to follow the statute as written.

The respondents' position as to the effect of the death of the husband on the interpretation of the statute is logically unsound. It is in short that, assuming that the husband was without power to create the lien in his lifetime such a lien attached to his undivided share in the property immediately upon his death, because he had not disaffirmed the mortgage during his lifetime. This is another way of saying that, during his lifetime, the husband could encumber his community interest in the household furniture and that, because he

attempted to encumber the entire property his death imposed a lien on his undivided one-half. This theory is not based upon any statutory rule and is directly contrary to section 172 which expressly prohibits the husband from encumbering the furniture without the wife's consent. And what he could not have done directly during his lifetime cannot be done by interpretation after his death.

A careful reading of section 172 of the Civil Code discloses the legislative intent. After giving the husband the management and control of the community personal property it follows with two provisos—first, that he cannot make a gift of or dispose of any such property "without a valuable consideration" without the wife's written consent, second that he cannot, without the written consent of the wife, dispose of or encumber the furnishings of the home or the wife's wearing apparel with or without valuable consideration. Manifestly there was no reason for the second proviso if the Legislature had intended that the husband could dispose of his undivided interest in the household furnishings and the wife's wearing apparel for "a valuable consideration" and thus call for a division of these furnishings and apparel after his death and the consequent distribution of the husband's share to a stranger to the community.

The purpose of the proviso is clear—it is to render free from execution and sale the furnishings of the home and the wearing apparel of the surviving wife and minor children. We may assume that it would be conceded without argument that under this statute a creditor of the deceased husband would not be permitted to come into the home and seize one-half of the wearing apparel of the surviving wife or of the minor children. But these items are placed in the same sentence and in the same category as the household furnishings. As the Legislature sought to protect the wife and the minor children in the use of their wearing apparel—all of it, not only an undivided interest therein—so it sought to protect the family in the use of the household furniture.

This legislative intention finds further expression in section 660 of the Probate Code which reads in part: "The decedent's surviving spouse and minor children are entitled to remain in possession of the homestead, the wearing apparel of the family, the household furniture and other property of the decedent exempt from execution, until the inventory is filed. Thereupon . . . the court, . . . may in its discretion set apart to the surviving spouse . . . all or any part of the

property of the decedent exempt from execution,. . . ." This section ties in with section 690.2 of the Code of Civil Procedure which exempts from execution all "necessary household" furniture "wearing apparel" etc., of the judgment debtor. Since the husband's interest in the household furniture is exempt from execution (except on foreclosure of a valid lien thereon—§ 690.50) his interest in the community household furniture is an interest which may be set aside to the surviving wife under section 660 of the Probate Code.

Respondents cite a line of cases commencing with *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 P. 537] and running to *Trimble* v. *Trimble,* 219 Cal. 340 [26 P.2d 477], holding that, under the first clause of section 172, a husband's conveyance of the community property was voidable as to the wife's half, but valid as to the husband's half. No one of these cases involved the second proviso of the code section prohibiting the sale, or encumbrance of the household furniture or wearing apparel. The reason for the distinction is clear. Personal property such as stocks, bonds, and equipment used in the husband's business being easily divisible present an entirely different picture than the furnishings of the home and wife's clothing. The Legislature has recognized that these items are necessary for the maintenance of the surviving family—more necessary in fact after the death of the husband than during his lifetime when he would be able to make proper provision for the support of the family.

The distinction between the cases cited and our case appears from further reference to the wording of the code section. All these cases involved the prohibition against the husband's disposition of the community property "without a valuable consideration." The household furnishings and wearing apparel cannot be encumbered without the written consent of the wife with or without consideration. It is apparent that in disposing of his stocks, bonds, and similar personal property the husband is merely giving up his community share which he could dispose of by will. But as to his interest in the household furniture the husband's dispository interest is wholly within the hands of the probate court which can set aside the whole of it to the widow under section 660 of the Probate Code.

Judgment and order reversed.

Goodell, J., concurred.