[Sac. No. 5828.   In Bank.   Jan. 11, 1949.]

GEORGIA HEUER, Respondent, v. HENRY HEUER et al., Appellants.

John Sinai, Fontaine Johnson and Thomas Perkins for Appellants.

Mazzera, Snyder & DeMartini, Gumpert & Mazzera and William Wear Clark for Respondent.

SHENK, J.—The plaintiff commenced an action to set aside conveyances of community real and personal property made by the defendant Henry Heuer to his brothers, the defendants Clarence and James Heuer.  Total success in the purpose of the action depended primarily on the invalidity of a decree

of divorce from the plaintiff obtained by the defendant Henry Heuer on October 25, 1945, in the State of Nevada. The trial court found that the Nevada decree was invalid because of jurisdictional defects, that defendant Henry Heuer and Georgia Heuer, the plaintiff, were husband and wife, that the conveyances were not consented to by the plaintiff and were without valuable consideration. Judgment setting aside the conveyances followed. The defendants prosecuted this appeal. The word "defendant" hereinafter refers to defendant Henry Heuer.

The plaintiff and the defendant were married in October, 1911, and lived in San Joaquin County. They accumulated several parcels of real property and some personalty. The record indicates that the marriage was not a happy one, and that constant discord affected the defendant's health. In September, 1944, he filed a complaint for divorce in the county of their residence. That action was dismissed when the parties executed a reconciliation agreement which, however, was not carried into effect. On June 11, 1945, the defendant drove to Nevada with a house trailer in which he had been living. He stopped at an auto trailer court near Reno and took his meals with his brother Clarence who resided in Reno. He obtained a job in the vicinity at his trade as a carpenter. On July 24, 1945, he commenced an action for divorce from the plaintiff in Washoe County, Nevada. Shortly thereafter the plaintiff went to Nevada apparently with some concern about the condition of the defendant's health. She was served with summons and complaint in the divorce action while in Nevada. She engaged an attorney and filed an answer and a cross-complaint for separate maintenance. The answer tendered the issue of the jurisdictional requirements of residence. The Nevada court's findings recite that evidence was "introduced on behalf of both parties," and the findings and decree state the requisite jurisdictional facts of residence. The findings also show that "pursuant to stipulation between plaintiff and defendant entered into in open Court, the plaintiff shall pay to defendant toward her support and maintenance, the sum of" $2,500 at the rate of $35 per month; further that "counsel for plaintiff and defendant stipulated in open Court that 'all of the issues raised by the pleadings are adjudicated by the granting of a decree to plaintiff, if the Court should grant a decree to plaintiff. . . .'" The decree granting a divorce to the husband embodied the support provision for the benefit of the wife, but made no disposition

concerning community property interests. The wife took no appeal and the decree became final.

In November, 1945, supposedly because of the severity of the Nevada climate and altitude and on his doctor's advice, the defendant returned to California and has since lived here in the trailer "wherever [he] can find a job." In the meantime he executed the conveyances to his brothers transferring some of the community property before the date of the Nevada decree, and a portion thereafter. The plaintiff's present action to set aside the transfers was commenced on January 8, 1946. In their answer the defendants make certain admissions and disclaim any interest in the property except to the extent of the one-half community interest of the defendant. With immaterial exceptions, the judgment rendered by the trial court set aside the conveyances as to the interests of both the plaintiff and the defendant on the theory that because of jurisdictional defects in the Nevade divorce action, they were still husband and wife, and that the transfers were without the wife's consent and without valuable consideration. The findings of jurisdictional defects were based on alleged sham and fraudulent intent in the domiciliary claims of the husband. The plaintiff now concedes that two recent decisions of the Supreme Court of the United States, *Sherrer* v. *Sherrer,* 334 U.S. 343 [68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355], and *Coe* v. *Coe,* 334 U.S. 378 [68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R. 2d 1376], decided June 7, 1948, are controlling adversely to her contentions regarding the validity of the Nevada decree. Facts in those cases were somewhat similar to those involved here.

In *Sherrer* v. *Sherrer* the wife went from Massachusetts to Florida and sued for divorce. The husband appeared in the action personally and by counsel. The wife was granted a divorce. She received custody of the minor children pursuant to the parties' stipulation read into the record. The husband returned to Massachusetts and sought a judicial declaration that the divorce and subsequent remarriage of the wife were invalid. A decree in his favor was affirmed by the Supreme Judicial Court of Massachusetts.

In *Coe* v. *Coe* the wife obtained an award of support in a Massachusetts court. The husband journeyed to Nevada and there instituted divorce proceedings. The wife went to Nevada to contest the husband's action and to obtain a divorce for herself. She filed an answer denying other allegations but admitting the allegation as to the husband's residence.

Both parties were present personally and by counsel at the trial. The wife was granted a divorce. She returned to Massachusetts and brought contempt proceedings against the husband for failure to comply with the prior support order. A contempt order based on a holding of the invalidity of the Nevada decree was affirmed on appeal.

The Supreme Court reversed in each case. ■ The reversals resolved the main issue in the present case on a declaration that ''the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree.'' (*Sherrer* v. *Sherrer, supra,* at p. 351, 68 S.Ct. at p. 1091.) The test therefore is not whether the issue of jurisdiction was actively litigated in the court rendering the divorce decree. It is sufficient if the defendant has participated in the proceedings and had full opportunity to litigate the issue. If so, the decree is binding even though a relitigation of the question of jurisdictional residence requirements in another state might result in a finding that the domiciliary claim was fraudulently asserted for the purpose of obtaining a decree which as a matter of policy could not be procured in the state of actual domicile. Therefore where, as here, the finding of the requisite jurisdictional facts was made in divorce proceedings in another state in which the defendant appeared and participated, and the decree has become final, it must be given full faith and credit in the courts of this state.

The trial court's conclusion that the Nevada decree is invalid is therefore erroneous. However there is presently no apparent disagreement between the parties on the issues tendered by the answer. ■ The plaintiff now indicates satisfaction if her one-half community interest in the property involved be restored to her. This would be proper since the conveyances by the husband may be deemed valid as to his community interest (*Pretzer* v. *Pretzer*, 215 Cal. 659, 661 [12 P.2d 429]; *Trimble* v. *Trimble*, 219 Cal. 340, 344 [26 P.2d 477]) in the property conveyed by him prior to the Nevada decree; ■ and transfers made by the defendant subsequent to the decree may be deemed valid only as to his common interest.

(*Taylor* v. *Taylor,* 192 Cal. 71, 75 [218 P. 756, 51 A.L.R. 1074]; *Tarien* v. *Katz,* 216 Cal. 554, 559 [15 P.2d 493, 85 A.L.R. 334].) Inasmuch as the defendants disclaim all interest except to the extent of the community or common interest of Henry Heuer, the proper result will follow upon a reversal.

The judgment is reversed and the cause remanded for further proceedings consistent with the foregoing.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.