No. 31,244

ROBERT STEELE, *Appellant*, v. THE CITY OF TOPEKA, *Appellee*.

(26 P. 2d 447.)

Opinion filed November 11, 1933.

*Hall Smith*, of Topeka, for the appellant.

*W. E. Atchison* and *H. D. Dangerfield*, both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for the value of real estate taken by a city under its power of eminent domain. Judgment was for defendant. Plaintiff appeals.

The real estate involved consists of a number of lots on the north bank of the Kansas river in Topeka. The flood of 1903 swept the buildings from this land, and after the flood it appears to have been regarded as waste land, except for occasional farming operations which will be noted. In March, 1926, the city decided to use this land as a location for a sewage-disposal plant. Accordingly condemnation proceedings were commenced. The ordinance was published, appraisers appointed, and their report was made and duly filed with the city clerk and by him certified to the city treasurer. The record is not clear as to whether the amount of the award was certified on the copy of the report by the city treasurer, and as to whether the amount of the award was deposited with the city treasurer for payment to the owners of land where the names of the owners or ownership was unknown, uncertain or disputed.

In August, 1926, the city took possession of the land and put it to the use for which it was condemned, by commencing the construction of its sewage-disposal plant. The plant has since been completed and is now in operation.

This action on behalf of plaintiff is based upon two claims of title.

First, it is alleged that shortly after the flood certain parties entered into possession of the lots in question and continued in actual, visible, exclusive, hostile and adverse possession of them for more than fifteen years by means of farming operations. Plaintiff then alleges that on July 10, 1928, this person conveyed the lots in question to plaintiff by a quitclaim deed. The allegations of the petition with reference to the possession of the grantor in these quitclaim deeds were denied by defendant. Trial was had to the court on this issue. No special findings of fact were made by the trial court, but a general finding was made for the defendant and against the plaintiff. This constitutes a finding by the court favorable to defendant on any question of fact that was properly put in issue. (*Hoover v. Hoover's Estate*, 104 Kan. 635, 180 Pac. 275.) The evidence on which the judgment was based was conflicting. This court will not disturb a judgment of a trial court which has been reached by weighing conflicting evidence. This disposes of the claim of plaintiff that he has a right to the condemnation award by reason of quitclaim deeds from parties who claimed to hold by adverse possession.

The second claim of plaintiff is based on tax deeds. The petition alleged that on January 16, 1929, plaintiff acquired tax deeds to the lots in question and these tax deeds entitled plaintiff to the condemnation award. It will be noted that the tax deeds were acquired by plaintiff two years and six months after the city entered into possession of the lots. Plaintiff argues that the evidence shows the amount of award made by the appraisers was not certified on the report when it was filed by the city treasurer with the register of deeds of the county, and that the amount of the award was not set aside by the city treasurer. He argues from this that the proceedings by which the city sought to get the right to possession of the lots were incomplete, and the city has no title though it had been in actual possession of the lots for nearly three years before plaintiff acquired his tax deeds.

The argument of plaintiff might be good if he had held fee-simple title to the land at the time of the taking and was attacking the right of the city to possession of the land because of irregularity or insufficiency in the condemnation proceedings. The question here, however, is one where a stranger to the title at the time the

condemnation was had and the city took possession is questioning the regularity of the proceedings and attempting to recover condemnation award by means of tax deeds acquired after the city had taken possession.

The rule is laid down in 20 C. J. 847 as follows:

"Compensation in general must be paid to the person who owned the property at the time it was taken or injured, or to one who, prior to the making of the award, has taken a valid assignment thereof from the owner."

In 2 Nichols on Eminent Domain, 2d ed., p. 1151, § 439, the rule is stated:

"It is well settled that when there is a taking of property by eminent domain in compliance with law, it is the owner of the property at the time of the taking who is entitled to the compensation which the law provides and, consequently, if the parcel of land from which the taking is made changes hands after the taking has occurred but before the compensation has been paid, the right to receive the compensation does not run with the land, but remains a personal claim in the hands of the person who was owner at the time of the taking or of his representatives."

This is the reasoning behind the decision of this court in the case of *Piper v. U. P. Railway Co.*, 14 Kan. 568. There it was held that where the judgment of a court in a condemnation proceeding was that the railway company should pay certain money and make certain improvements the obligation to make the improvements did not run with the land but was an obligation to the person who owned the land at the time it was taken.

In this case the plaintiff was not entitled to be paid anything at the time the land was taken. He was not the owner and had no interest. As far as the question we are now considering is concerned plaintiff is not claiming under a conveyance from any one who was entitled to the compensation at the time the land was taken. In that respect he does not have as much right to the amount of the award as the plaintiff in the Piper case had to the improvements.

The judgment of the trial court is therefore affirmed.

HUTCHISON, J., not sitting.