MARY MEDEIROS, Appellant, v. MAMIE P. COTTA, Individually and as Special Administratrix, etc., et al., Respondents.

John H. Machado and Nathan B. McVay for Appellant.

Zeff & Halley for Respondents.

SCHOTTKY, J.—Manuel Medeiros died on March 20, 1949, leaving surviving as heirs at law his wife, Mary Medeiros, and four children by a former marriage, Manuel Medeiros, Jr., Mamie P. Cotta, John F. Medeiros and Annie Silva. On March 21, 1949, a deed of gift executed by Manuel Medeiros on February 16, 1942, was recorded, said deed naming Mamie P. Cotta as grantee and describing approximately 36 acres of land in Stanislaus County.

On April 9, 1949, John F. Medeiros filed a petition for the probate of decedent's will, said will having been executed on March 2, 1949. Said will contained a bequest to the wife, Mary Medeiros, of money in bank and certain personal property, but with the following provision:

". . . It is expressly specified herein that the foregoing bequest to my wife shall be in lieu of any rights that my said wife, Mary, shall have in my possessions and to my property by way of homestead rights, by way of community property rights, as my widow or otherwise, or by way of any other claim whatsoever upon my estate, and in case any such rights are claimed by my said wife, all property bequeathed to her herein shall become part of the residue of my estate and shall go to my said children, John F. Medeiros, Annie Silva and Mamie P. Cotta, share and share alike."

Said will also provided:

"I give and devise all real property, together with any personal property not otherwise disposed of herein, which I may own or possess at the date of my death to my son, John F. Medeiros; my daughter, Annie Silva, and my daughter, Mamie P. Cotta, in equal shares of one-third to each of said children."

On April 29, 1949, a contest of said will was filed by the surviving wife, Mary Medeiros, and Manuel Medeiros, Jr., and thereafter, on May 9, 1949, Mamie P. Cotta was appointed special administratrix with general powers.

On November 12, 1949, plaintiff, Mary Medeiros, filed the instant action against Mamie P. Cotta, individually and as special administratrix of the estate of Manuel Medeiros, deceased, and John F. Medeiros, as defendants, to set aside the said deed of February 16, 1942, and to have it adjudged that she was the owner of the real property described therein, alleging that said real property was the community property of deceased and plaintiff; that said deceased had executed said deed without her knowledge and consent; and that there was no consideration for said deed.

On March 11, 1950, an answer and cross-complaint was filed by Mamie P. Cotta, individually and as special administratrix of the estate of decedent, and John F. Medeiros, denying the material allegations of the complaint and alleging that on February 16, 1942, the real property in controversy was conveyed to Mamie P. Cotta and that she has ever since been the owner thereof.

On August 4, 1950, Mary Medeiros and Manuel Medeiros, Jr., filed a dismissal of the will contest theretofore filed by them. On August 8, 1950, Mamie P. Cotta, as special administratrix, filed an inventory and appraisement of the property of the estate of said decedent, which inventory did not include as property of the estate the real property de-

scribed in said deed. On August 15, 1950, the will of decedent was admitted to probate and letters testamentary were issued to John F. Medeiros. On August 25, 1950, John F. Medeiros, as executor, filed his first and final account and report and petition for distribution, and on September 6, 1950, a decree of distribution was made in the matter of the estate of Manuel Medeiros, deceased. By the terms of the decree appellant is to receive certain personal property, the children are to receive certain other minor items, and the decree states that any and all real property owned by the deceased at the time of his death, whether now known or hereafter discovered, shall be distributed in equal shares to John F. Medeiros, Annie Silva and Mamie P. Cotta.

On October 1, 1951, respondents Mamie P. Cotta and John F. Medeiros were by order of court permitted to file an amended answer and cross-complaint which, in addition to the denials and allegations of their original answer and cross-complaint, alleged as additional defenses:

First: That said widow, appellant herein, never at any time made an election of any kind claiming a community interest instead of the bequest made to her under the provisions of the will; that she never at any time appeared in the proceedings of the estate claiming that any part of the property belonged to her as community property and that the same should not be disposed of by decree of distribution in accordance with the terms of the will of the deceased; and that the decree had become final and was res adjudicata on the issues raised in the pleadings in the action; and

Second: That all the issues involved in plaintiff's complaint had been previously adjudicated in the matter of the estate of Manuel Medeiros, deceased, and that the decree of distribution therein conclusively adjudicated all issues in appellant's complaint.

Plaintiff's demurrer to said special defenses was overruled and an answer to the amended cross-complaint was filed. Thereafter a trial was had solely on the special defenses and the court made the following findings of fact, among others:

First: That appellant, Mary Medeiros, never at any time in the proceedings of the said estate made an election of any kind claiming a community interest instead of the bequest made to her under the provisions of the will of the deceased, and that she never in the estate proceedings claimed that any of the property of said deceased belonged to her as community property and that the same should not be disposed

of by decree of distribution in accordance with the terms of the will of the deceased.

Second: That the decree of distribution in the matter of the estate of Manuel Medeiros is res adjudicata on the pleadings in the action of appellant, Mary Medeiros, against respondents, Mamie P. Cotta and John F. Medeiros, and could not be raised in any collateral proceedings.

Third: That the decree of distribution conclusively adjudicated the rights of the parties in the property belonging to Manuel Medeiros, deceased.

Fourth: That decedent, Manuel Medeiros, transferred the property described in plaintiff's complaint and in said deed to respondent, Mamie P. Cotta, and that said Mamie P. Cotta was the owner in fee simple of the real property therein described.

Fifth: That appellant, Mary Medeiros, had no interest in the real property described in said deed and in said complaint.

The court then concluded that the superior court sitting in probate had exclusive jurisdiction to determine the title described in plaintiff's complaint and in said deed; that Mary Medeiros had elected to take her distributive share of the estate under the terms of the will under the decree of distribution in said estate; that the decree of distribution of the estate of Manuel Medeiros was conclusive upon the rights of the parties to the action; that appellant had by her election under the will of the decedent relinquished any community rights which she might have in the real property described in her complaint; that appellant, Mary Medeiros, had no right, title, or interest in and to the real property described in the deed; and that the title to said real property is vested in respondent, Mamie P. Cotta, individually, free and clear of any claim of the appellant, Mary Medeiros.

Judgment was entered in accordance with said findings and conclusions and plaintiff has appealed from said judgment.

Appellant contends that the court erred in its determination that the superior court, sitting in probate, had exclusive jurisdiction to determine the title to the real property and in holding that the decree of distribution in the estate of Manuel Medeiros is res adjudicata as to the rights of appellant in said real property.

As has been hereinbefore pointed out, there was no trial on the merits of the action filed in the superior court by appellant, but the trial was limited solely to the special de-

fenses set forth in the amended answer and cross-complaint of respondents. This being so, it is conceded by respondents here, as it was at the trial, that the real property in question must be considered to have been the community property of appellant and decedent at the time it was conveyed by decedent to respondent Mamie Cotta and that it was conveyed by gift without consideration.

Section 161a of the Civil Code provides:

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property."

Section 172a of the Civil Code, so far as pertinent here, provides:

"The husband has the management and control of the community real property, but the wife, either personally or by duly authorized agent, must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered; . . . No action to avoid any instrument mentioned in this section, affecting any property standing of record in the name of the husband alone, executed by the husband alone, shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate. . . ."

In the case of *Trimble* v. *Trimble*, 219 Cal. 340 [26 P.2d 477], the court said at pages 345, 346, 347:

"The rights of the spouses in community real property, as we have seen, is controlled by section 172a of the Civil Code already referred to. The authorities we have cited, as previously shown, hold that by this section of the code the husband may, without the consent of his wife, dispose of by deed his half of the community property, and such conveyance is binding upon his wife after his death. This right was in no way dependent upon nor limited nor affected by the provisions of section 1401 of the Civil Code [now section 201 of the Probate Code], either before or after its amendment in 1923.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"From the foregoing authorities we are of the opinion

that the deeds executed by the deceased without consideration and without the consent of his wife are valid conveyances as to one-half of the property sought to be conveyed, but may be avoided by his wife as to her half of said community property. This action was instituted for that purpose, and it must, therefore, be held that subject to her life estate, she is the owner of one-half of said two parcels of land and the defendants are the owners of the other half.''

And in *Britton* v. *Hammell*, 4 Cal.2d 690 [52 P.2d 221], it is stated at page 691:

''The merits of this appeal are concluded by our first decision already referred to, and only one point raised by appellant requires discussion. He contends that assuming the invalidity of the deeds of gift, nevertheless under our decision in *Trimble* v. *Trimble*, 219 Cal. 340 [26 P.2d 477], the wife may set them aside only as to one-half thereof. The above decision, however, was concerned with an action by the wife after her husband's death, and proceeded on the theory that at his death he had a right to dispose of that part of the property, and her right was therefore limited to recovery of one-half. In the instant case the action was commenced by the wife during the husband's lifetime, to restore the property to the community. There appears to be no case in this state which determines the extent of the rights of the wife who, during the marriage, attacks a gift of community property made by the husband to a third party. (See 1 So. Cal.L.Rev. 467.) The decisions, reviewed in *Trimble* v. *Trimble, supra,* all involve actions brought by the wife after the husband's death.

''There. is, in our opinion, a sound reason why the wife, suing during the marriage, should be permitted to set aside the gift of community property in its entirety. If she were only permitted to recover a one-half interest, and that one-half interest recovered were to remain community property, it would still be subject to the husband's control, with the result that the protection given the wife by the statute would be substantially nullified. If, on the other hand, the one-half interest recovered were regarded as her separate property, there would be a resulting division or partition of the community property during the marriage by the husband's arbitrary act, without consent of the wife. Our law does not contemplate this means of dividing the community property. It provides only for division after dissolution of the com-

munity by death or divorce, or by transfer by the husband with the wife's consent to a third person or to the wife.

"It is true that there is also no express provision in our statutes to cover the situation where the wife sues after the husband's death. The case of *Trimble* v. *Trimble, supra,* and other decisions holding that recovery in such case is limited to one-half the property, must rest, ultimately, upon the theory that the husband had the right, at his death, to give away one-half by will; and that his gift before death, if limited in effect to one-half the property transferred, could be viewed as the equivalent of a provision by will."

And in *Ballinger* v. *Ballinger,* 9 Cal.2d 330 [70 P.2d 629], it is said at page 334:

"The *gift* of community property by the husband without the consent of the wife may be set aside in its entirety by the wife during the lifetime of her husband (*Britton* v. *Hammell,* 4 Cal.2d 690 [52 P.2d 221]), and after his death may be set as to one-half thereof (*Trimble* v. *Trimble,* 219 Cal. 340 [26 P.2d 447])." (Emphasis added.)

See also *Odone* v. *Marzocchi,* 34 Cal.2d 431, 438, 439 [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109].

██ It would seem quite clear from the foregoing authorities that appellant had the right to file an action against respondent Mamie P. Cotta to set aside the conveyance of community real property made by decedent as to one-half thereof and to have it decreed that she was the owner of one-half thereof.

██ Respondents make an able and earnest argument in support of their contention that the superior court sitting in probate had exclusive jurisdiction of the instant action, and cite a number of California decisions in support of their position. However, since the trial of this case our Supreme Court, in the very recent case of *Schlyen* v. *Schlyen,* 43 Cal. 2d 361 [273 P.2d 897], has reviewed most of the decisions relied upon by respondent.

In the Schlyen case the children of the decedent brought an action against decedent's widow, who was also executrix under the will of decedent, for cancellation of deeds which had been executed by decedent, and under which the widow claimed, on the ground of alleged fraud and undue influence by the widow. The superior court granted a motion to dismiss the action upon the ground that the court was wholly without jurisdiction to entertain the subject matter and that the "probate court" had exclusive jurisdiction thereof. Upon

appeal the Supreme Court reversed the judgment and, in a very exhaustive and learned opinion by Mr. Justice Shenk, analyzed some of the former decisions and cleared up much of the confusion that has existed because of some statements in earlier decisions. The opinion first pointed out that since the adoption of the Constitution of 1879 there has been no "probate court" in this state in the sense that it is a court separate and distinct from the superior court and that the use of such term is to be considered no more than a convenient way of expressing the idea of the superior court sitting in the exercise of its probate jurisdiction, and further that probate matters are civil in their nature and the superior court in exercising its jurisdiction in such matter does so as a superior court and as such it has the right to exercise its inherent equitable functions.

In the course of its opinion the court said, at pages 367, 374:

"The controversy therefore resolved itself into a contest between heirs of the estate and the personal representative thereof claiming title to the property of the estate in her individual capacity.

. . . . . . . . . . . . .

"It is established by the case law of this state that the superior court acting in the exercise of its probate jurisdiction is without power to try title to property asserted by a stranger to the estate as against the estate. (*Estate of Dabney* (1951), 37 Cal.2d 672 [234 P.2d 962], and cases there cited.) Such actions are triable by the court in the exercise of its general jurisdiction. It is likewise established that when title to property of an estate is claimed by heirs or other beneficiaries of the estate to belong to the estate and is also claimed by the representative of the estate to belong to him in his individual capacity the superior court, sitting in probate, has jurisdiction over the controversy. (*Estate of Roach* (1929), 208 Cal. 394 [281 P. 607]; *Bauer* v. *Bauer*, 201 Cal. 267 [256 P. 820]; *Estate of Fulton*, 188 Cal. 489 [205 P. 681]; *Stevens* v. *Superior Court*, 155 Cal. 148 [99 P. 512]; see Prob. Code, § 581.)"

The court then quotes some language in the Bauer case which respondent heavily relies upon and states at page 376:

"The decision in the Bauer case did not hold that the court in probate had 'exclusive' jurisdiction in cases such as this. As noted, the statement in the syllabus in that case was taken from the recited grounds of the demurrer. It was not an adjudication to that effect and should be disregarded.

To the extent that the broad language referred to in the Roach case is inconsistent with our holding in the present case, it is overruled.''

And at page 379:

''. . . here we have a case where the superior court in which the action is pending had jurisdiction of the subject matter of the action either as a case to be disposed of in the exercise of its equity jurisdiction or to be adjudicated in the probate proceeding pending in the same court, depending on the circumstances existing at the time the motion to dismiss was made. Where the superior court has jurisdiction over the particular class of cases in question it is the established rule that if no objection on the ground of another action pending or other appropriate objection be timely made it is deemed to be waived. [Citing cases.]''

And at page 380 the court said in conclusion:

''From the foregoing it is concluded: (1) that the superior court has general jurisdiction in equity cases such as the present one; (2) that in the absence of a demurrer, answer, motion or other timely objection on the ground that the issues involved should be tried in probate, the superior court may adjudicate those issues with the same force and effect as if the objection had not been made; (3) that when as here the issues pertain only to the rights of parties in privity with the estate and do not involve the rights of third parties or strangers to the estate ·the superior court sitting in probate has jurisdiction and should adjudicate them, but that such jurisdiction is not exclusive, depending on the facts of the particular case and may be waived; (4) that under the undisputed facts of this case the defendant did not timely interpose her objection to the trial of the issues by the superior court sitting in the exercise of its general equity jurisdiction and therefore waived the objection, and (5) that when such objection is timely made the trial court should not dismiss the action but should try it as a matter in probate to the end that property wrongfully claimed by the representative of the estate be included in the assets of the estate.''

We are convinced that *Schlyen* v. *Schlyen* is determinative of this appeal and that if it had been decided prior to the trial of the instant case the learned trial judge would not have held that the probate court had exclusive jurisdiction or that the decree of distribution in the probate proceeding was res adjudicata of the rights asserted ·by appellant in the instant case.

The instant action was filed on November 12, 1949; on December 15, 1949, defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action; on December 27, 1949, the demurrer was overruled; on March 11, 1950, defendants filed an answer and cross-complaint; on April 12, 1950, appellant filed her answer to the cross-complaint; on September 6, 1950, the decree of distribution was entered in the estate of Manuel Medeiros, and it was not until March 6, 1951, that the respondents made the motion to dismiss on the ground that the issues involved should have been litigated in the probate proceeding. This was almost 16 months after the action had been filed and 6 months after the decree of distribution had been filed. So even assuming that the action filed by respondent was to recover property wrongfully claimed by the representative of the estate and to have it included in the assets of the estate, it is clear from the opinion in *Schlyen* v. *Schlyen* that respondents failed to make a timely objection that the issues involved should be tried in probate. And it is likewise clear from the opinion that even if such an objection had been timely made "the trial court should not dismiss the action but should try it as a matter in probate to the end that property wrongfully claimed by the representative of the estate be included in the assets of the estate."

The record shows that respondent Mamie P. Cotta, individually and as special administratrix, filed an answer to appellant's complaint alleging that the real property in controversy had been conveyed to her by decedent and that she was the owner thereof. The record also shows that said real property was not included in the inventory of the property of the estate and was not accounted for or described in any account or decree of distribution, and that no steps were taken at any time to have the issues involved in the action filed by appellant determined in the probate proceeding. Respondents, by concluding the probate proceedings without appellant's having had a trial as to the issues involved in her action, could not thereby deprive appellant of the right to such a trial. While it may be that the issues involved in appellant's action might by appropriate steps and pleadings have been tried in the probate proceedings, a matter which it is not necessary for us to decide, for assuming that they were so triable it is clear that they were not so tried and determined and in view of the fact that the trial court erroneously determined that the court sitting in

probate had exclusive jurisdiction, there is no basis for the court's further conclusion that the decree of distribution in the probate proceedings was res adjudicata as to the rights asserted by appellant in her action.

In view of the foregoing we deem it unnecessary to discuss the other points discussed in the briefs.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.