[Civ. No. 8597.   Third Dist.   May 6, 1955.]

MARY MEDEIROS, Appellant, v. ANNIE SILVA
et al., Respondents.

John H. Machado and Nathan B. McVay for Appellant.

Zeff & Halley for Respondents.

SCHOTTKY, J.—Manuel Medeiros died on March 20, 1949, leaving surviving as heirs at law his wife, Mary Medeiros, and four children by a former marriage, Manuel Medeiros, Jr., Mamie P. Cotta, John F. Medeiros and Annie Silva.  On March 21, 1949, a deed of gift executed by Manuel Medeiros on February 16, 1942, was recorded, said deed naming Annie Silva as grantee and describing approximately 36 acres of land in Stanislaus County.

On April 9, 1949, John F. Medeiros filed a petition for the probate of decedent's will, said will having been executed on March 2, 1949.  Said will contained a bequest to the wife, Mary Medeiros, of money in bank and certain personal property, but with the following provision:

". . . It is expressly specified herein that the foregoing

bequest to my wife shall be in lieu of any rights that my said wife, Mary, shall have in my possessions and to my property by way of homestead rights, by way of community property rights, as my widow or otherwise, or by way of any other claim whatsoever upon my estate, and in case any such rights are claimed by my said wife, all property bequeathed to her herein shall become part of the residue of my estate and shall go to my said children, John F. Medeiros, Annie Silva and Mamie P. Cotta, share and share alike.''

Said will also provided:

''I give and devise all real property, together with any personal property not otherwise disposed of herein, which I may own or possess at the date of my death to my son, John F. Medeiros; my daughter, Annie Silva, and my daughter, Mamie P. Cotta, in equal shares of one-third to each of said children.''

On April 29, 1949, a contest of said will was filed by the surviving wife, Mary Medeiros, and Manuel Medeiros, Jr., and thereafter, on May 9, 1949, Mamie P. Cotta was appointed special administratrix with general powers.

On November 12, 1949, plaintiff, Mary Medeiros, filed the instant action against Annie Silva, Mamie P. Cotta, as special administratrix of the estate of Manuel Medeiros, deceased, and John F. Medeiros, as defendants, to set aside the said deed of February 16, 1942, and to have it adjudged that she was the owner of the real property described therein, alleging that said real property was the community property of deceased and plaintiff; that said deceased had executed said deed without her knowledge and consent; and that there was no consideration for said deed.

On March 11, 1950, an answer and cross-complaint was filed by Annie Silva, Mamie P. Cotta, as special administratrix of the estate of decedent, and John F. Medeiros, denying the material allegations of the complaint and alleging that on February 16, 1942, the real property in controversy was conveyed to Annie Silva and that she has ever since been the owner thereof.

On August 4, 1950, Mary Medeiros and Manuel Medeiros, Jr., filed a dismissal of the will contest theretofore filed by them. On August 8, 1950, Mamie P. Cotta, as special administratrix, filed an inventory and appraisement of the property of the estate of said decedent, which inventory did not include as property of the estate the real property described in said deed. On August 15, 1950, the will of decedent was admitted

to probate and letters testamentary were issued to John F. Medeiros. On August 25, 1950, John F. Medeiros, as executor, filed his first and final account and report and petition for distribution, and on September 6, 1950, a decree of distribution was made in the matter of the estate of Manuel Medeiros, deceased. By the terms of the decree appellant is to receive certain personal property, the children are to receive certain other minor items, and the decree states that any and all real property owned by the deceased at the time of his death, whether now known or hereafter discovered, shall be distributed in equal shares to John F. Medeiros, Annie Silva and Mamie P. Cotta.

On October 1, 1951, respondents Annie Silva and John F. Medeiros were by order of court permitted to file an amended answer and cross-complaint which, in addition to the denials and allegations of their original answer and cross-complaint, alleged as additional defenses:

First: That said widow, appellant herein, never at any time made an election of any kind claiming a community interest instead of the bequest made to her under the provisions of the will; that she never at any time appeared in the proceedings of the estate claiming that any part of the property belonged to her as community property and that the same should not be disposed of by decree of distribution in accordance with the terms of the will of the deceased; and that the decree had become final and was res adjudicata on the issues raised in the pleadings in the action; and

Second: That all the issues involved in plaintiff's complaint had been previously adjudicated in the matter of the estate of Manuel Medeiros, deceased, and that the decree of distribution therein conclusively adjudicated all issues in appellant's complaint.

Plaintiff's demurrer to said special defenses was overruled and an answer to the amended cross-complaint was filed. Thereafter a trial was had solely on the special defenses and the court made the following findings of fact, among others:

First: That appellant, Mary Medeiros, never at any time in the proceedings of the said estate made an election of any kind claiming a community interest instead of the bequest made to her under the provisions of the will of the deceased and that she never in the estate proceedings claimed that any of the property of said deceased belonged to her as community property and that the same should not be disposed

of by decree of distribution in accordance with the terms of the will of the deceased.

Second: That the decree of distribution in the matter of the estate of Manuel Medeiros is res adjudicata on the pleadings in the action of appellant, Mary Medeiros, against respondents, Mamie P. Cotta and John F. Medeiros, and could not be raised in any collateral proceedings.

Third: That the decree of distribution conclusively adjudicated the rights of the parties in the property belonging to Manuel Medeiros, deceased.

Fourth: That decedent, Manuel Medeiros, transferred the property described in plaintiff's complaint and in said deed to respondent, Annie Silva, and that said Annie Silva was the owner in fee simple of the real property therein described.

Fifth: That appellant, Mary Medeiros, had no interest in the real property described in said deed and in said complaint.

The court then concluded that the superior court sitting in probate had exclusive jurisdiction to determine the title described in plaintiff's complaint and in said deed; that Mary Medeiros had elected to take her distributive share of the estate under the terms of the will under the decree of distribution in said estate; that the decree of distribution of the estate of Manuel Medeiros was conclusive upon the rights of the parties to the action; that appellant had by her election under the will of the decedent relinquished any community rights which she might have in the real property described in her complaint; that appellant, Mary Medeiros, had no right, title, or interest in and to the real property described in the deed; and that the title to said real property is vested in respondent, Annie Silva, individually, free and clear of any claim of the appellant, Mary Medeiros.

Judgment was entered in accordance with said findings and conclusions and plaintiff has appealed from said judgment.

Appellant contends that the court erred in its determination that the superior court, sitting in probate, had exclusive jurisdiction to determine the title to the real property and in holding that the decree of distribution in the estate of Manuel Medeiros is res adjudicata as to the rights of appellant in said real property.

As has been hereinbefore pointed out, there was no trial on the merits of the action filed in the superior court by appellant, but the trial was limited solely to the special defenses set forth in the amended answer and cross-complaint

of respondents. This being so, it is conceded by respondents here, as it was at the trial, that the real property in question must be considered to have been the community property of appellant and decedent at the time it was conveyed by decedent to respondent Annie Silva and that it was conveyed by gift without consideration.

■■ The same issues are involved in the instant case as were involved in the very recent case of *Medeiros* v. *Cotta,* 130 Cal.App.2d 740 [279 P.2d 814]. In fact, the actions are identical except that they involve different deeds to different daughters of deceased. We held in that case that (1) a gift of community property by husband without the wife's consent may be set aside in its entirety by the wife during the husband's lifetime and as to one-half after his death, and (2) that the jurisdiction of the superior court sitting in probate to try title to property as between heirs and personal representative is not exclusive, and the superior court under its general equitable jurisdiction may also, in the absence of timely objection, try such title in widow's action to set aside husband's gift of her share of community property made before his death.

Upon the authority of that case the judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 1, 1955.