[Civ. No. 8758.   Third Dist.   Dec. 27, 1955.]

MARY MEDEIROS, Appellant, v. JOHN F.
MEDEIROS et al., Respondents.

John H. Machado and Nathan B. McVay for Appellant.

Zeff, Halley & Price and Francis W. Halley for Respondents.

SCHOTTKY, J.—Manuel Medeiros died on the 20th day of March, 1949, in the County of Stanislaus, State of California. He left surviving him as his heirs at law Mary Medeiros, his wife, and four children, Manuel Medeiros, Jr., Mamie P. Cotta, John F. Medeiros, and Annie Silva.   On March 21, 1949, deeds of gift of real property in Stanislaus County, executed by Manuel Medeiros, were recorded, said deeds naming John F. Medeiros as grantee.   Also on March 21, 1949, John F. Medeiros withdrew $4,000 from a joint bank account standing in the name of Manuel Medeiros and John F. Medeiros and deposited it in a joint tenancy account of himself and wife.

On April 9, 1949, John F. Medeiros filed a petition for the probate of decedent's will, said will having been executed on

March 2, 1949. Said will contained a bequest to the wife, Mary Medeiros, of money in bank and certain personal property, but with the following provision:

". . . It is expressly specified herein that the foregoing bequest to my wife shall be in lieu of any rights that my said wife, Mary, shall have in my possessions and to my property by way of homestead rights, by way of community property rights, as my widow or otherwise, or by way of any other claim whatsoever upon my estate, and in case any such rights are claimed by my said wife, all property bequeathed to her herein shall become part of the residue of my estate and shall go to my said children, John F. Medeiros, Annie Silva and Mamie P. Cotta, share and share alike."

Said will also provided:

"I give and devise all real property, together with any personal property not otherwise disposed of herein, which I may own or possess at the date of my death to my son, John F. Medeiros; my daughter, Annie Silva, and my daughter, Mamie P. Cotta, in equal shares of one-third to each of said children."

On November 12, 1949, appellant, Mary Medeiros, filed an action against John F. Medeiros, Mamie P. Cotta, as special administratrix of the estate of Manuel Medeiros, deceased. to set aside said deeds and to recover said $4,000. In said action, appellant alleges that the real property set forth in said deeds and said $4,000 were the community property of appellant and her husband, Manuel Medeiros, and that she is his surviving wife. She further alleges that said deceased had executed said deeds and had assigned said $4,000 without her knowlege and consent and that there was no consideration for said deeds and said assignment.

On August 4, 1950, Mary Medeiros and Manuel Medeiros. Jr., filed a dismissal of the will contest theretofore filed by them. On August 8, 1950, Mamie P. Cotta, as special administratrix, filed an inventory and appraisement of the property of the estate of said decedent, which inventory did not include as property of the estate the real property described in said deed. On August 15, 1950, the will of decedent was admitted to probate and letters testamentary were issued to John F Medeiros. On August 25, 1950, John F. Medeiros, as executor. filed his first and final account and report and petition for distribution, and on September 6, 1950, a decree of distribution was made in the matter of the estate of Manuel Medeiros, deceased. By the terms of the decree appellant is to receive

certain personal property, the children are to receive certain other minor items, and the decree states that any and all real property owned by the deceased at the time of his death, whether now known or hereafter discovered, shall be distributed in equal shares to John F. Medeiros, Annie Silva and Mamie P. Cotta.

On October 1, 1951, by leave of court, respondents, John F. Medeiros, and Mamie P. Cotta as special administratrix of said estate, filed an amended answer and cross-complaint which was substantially the same as the original answer and cross-complaint except additional defenses were alleged of which, among others, were the following: First, that the decree had become final and was res adjudicata on the issues raised in the pleadings in the action; and, second, that all the issues involved in appellant's complaint had been previously adjudicated in the matter of the estate of Manuel Medeiros, deceased, and that the decree of distribution therein conclusively adjudicated all issues in appellant's complaint.

Upon motion of respondents and by order of court trial was had solely on the said special issues, and the court made the following findings, among others:

First: That appellant, Mary Medeiros, never at any time in the estate proceedings made an election of any kind claiming a community interest instead of the bequest made to her under the provisions of the will, and that she never in the estate proceedings claimed that any of the property of said deceased belonged to her as community property and that the same should not be disposed of by the decree of distribution in accordance with the terms of the will of the deceased.

Second: That the decree of distribution in the matter of the estate of Manuel Medeiros is res adjudicata on the pleadings in the action of appellant, Mary Medeiros, against respondents, John F. Medeiros and Mamie P. Cotta as special administratrix of the estate, and could not be raised in any collateral proceedings.

Third: That the decree of distribution conclusively adjudicated the rights of the parties in the real property and said bank account belonging to Manuel Medeiros, deceased.

Fourth: That deceased, Manuel Medeiros, transferred the property described in appellant's complaint and in said deeds to respondent John F. Medeiros, and that said John F. Medeiros was the owner in fee simple of the real property therein described.

Fifth: That the bank account opened on September 27, 1948, in the Modesto Bank and Trust Company, Account No. 430, in the name of Manuel Medeiros or John F. Medeiros, respondent herein, in the amount of $4,000, constituted a joint tenancy account and that John F. Medeiros was the owner of said personal property, to wit: said $4,000.

Sixth: That the appellant, Mary Medeiros, had no interest in the said real property described in said deeds and said bank account or personal property and in said complaint.

The court then concluded that the superior court sitting in probate had exclusive jurisdiction to determine the title to said real property and personal property described in appellant's complaint and in said deeds. That Mary Medeiros, appellant herein, had elected to take her distributive share of the estate under the terms of the will and under the decree of distribution in said estate. That the decree of distribution of the estate of Manuel Medeiros was conclusive upon the rights of the parties to the action. That appellant had by her election under the will of the decedent relinquished any community rights which she might have in the real and personal property described in her complaint. That appellant, Mary Medeiros, had no right, title or interest in or to said real and personal property, and that the title to said real and personal property is vested in said respondent John F. Medeiros, free and clear of any claims of the appellant, Mary Medeiros.

Judgment was entered in accordance with said findings and conclusions, and this appeal is from said judgment.

Appellant contends that the court erred in its determination that the superior court, sitting in probate, had exclusive jurisdiction to determine the title to the real property and in holding that the decree of distribution in the estate of Manuel Medeiros is res adjudicata as to the rights of appellant in said real property.

As has been hereinbefore pointed out, there was no trial on the merits of the action filed in the superior court by appellant, but the trial was limited solely to the special defenses set forth in the amended answer and cross-complaint of respondents. This being so, it is conceded by respondents here, as it was at the trial, that the real property in question must be considered to have been the community property of appellant and decedent at the time it was conveyed by decedent to respondent John F. Medeiros and that it was conveyed by gift without consideration.

■ ■  The same issues are involved upon this appeal as were involved in *Medeiros* v. *Cotta,* 130 Cal.App.2d 740 [279 P.2d 814], and *Medeiros* v. *Silva,* 132 Cal.App.2d 771 [283 P.2d 50]. In fact, the actions are identical except that they involve different deeds and transfer to different children of decedent. We held in those cases that (1) a gift of community property by husband without the wife's consent may be set aside in its entirety by the wife during the husband's lifetime and as to one-half after his death, and (2) that the jurisdiction of the superior court sitting in probate to try title to property as between heirs and personal representative is not exclusive, and the superior court under its general equitable jurisdiction may also, in the absence of timely objection, try such title in widow's action to set aside husband's gift of her share of community property made before his death.

Counsel for respondents virtually concede that our decision upon this appeal is governed by our decisions in the above mentioned cases and have advised this court that in view of the decisions in those cases they would file no reply brief.

Upon the authority of *Medeiros* v. *Cotta, supra,* and *Medeiros* v. *Silva, supra,* the judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.