[No. C015568. Third Dist. Apr. 27, 1994.]

KATHY HYATT, Plaintiff and Appellant, v.
HELEN MABIE et al., Defendants and Respondents.

542

COUNSEL

Alexandra Leichter, Deanna K. Straugh and Rozanna M. Velen for Plaintiff and Appellant.

Robinson & Wisbaum and Michael W. Robinson for Defendants and Respondents.

OPINION

**PUGLIA, P. J.**—After entry of a judgment dissolving the marriage of Kathy Hyatt (plaintiff) and Jerry Hyatt (Hyatt) and disposing of the community property, plaintiff sought damages against defendants, beneficiaries of a trust deed executed during the marriage by Hyatt without plaintiff's knowledge or consent. The trust deed encumbered Hyatt's interest in real property held in joint tenancy with plaintiff. The judgment of dissolution had found the real property, a residence in Citrus Heights, was community property, awarded it to plaintiff and Hyatt as "co-equal tenants in common" and directed that it be "listed for sale and sold forthwith." Plaintiff first learned, approximately four months after the judgment of dissolution was entered, that Hyatt had unilaterally encumbered the Citrus Heights property. Nevertheless, after acquiring this knowledge, plaintiff signed instructions directing the escrowee to pay defendants from the proceeds of sale of the Citrus Heights property the amount of the indebtedness secured by the Hyatt trust deed. The trial court gave judgment for defendants. We shall affirm.

Plaintiff and Hyatt were married in June 1969. Thereafter, they purchased a residence in Citrus Heights and took title as "husband and wife as joint tenants."

During the marriage plaintiff acquired a second residence in Southern California as her separate property. This residence was encumbered by a deed of trust which secured a $60,000 note executed by Hyatt and payable to the Metropolitan Trust Deed Company (the Metropolitan note).

In January 1990, two days prior to the dissolution trial, Hyatt borrowed $24,750 from defendants for which he gave his promissory note. The note was secured by a second deed of trust on the Citrus Heights residence and expressly encumbered only Hyatt's one-half interest. Plaintiff did not consent to or know of this transaction.

The judgment of dissolution confirmed the Southern California residence as plaintiff's sole and separate property and assigned the $60,000 Metropolitan note to Hyatt as his separate debt.

The judgment ordered the Citrus Heights residence sold and, after paying off an indebtedness to Bank of America secured by a first deed of trust, the net proceeds divided equally between plaintiff and Hyatt. At the time of trial the first trust deed was the only encumbrance on the property known to plaintiff and the court. The judgment further ordered Hyatt's share of the proceeds be used to pay his separate debt evidenced by the Metropolitan note in order to pay down or extinguish the encumbrance on plaintiff's Southern California residence.

Finally, the judgment provided in relevant part: "In the event the parties are unable to agree as to any term or condition of the sale [of the Citrus Heights residence] (including, but not limited to, the adequacy of the consideration therefor), or any matter or thing affecting the [residence], they or either of them may apply ex parte, upon twenty-four (24) hour prior notice, to the Superior Court in the dissolution of marriage action for appropriate orders regarding same. [¶] [This] court . . . shall reserve jurisdiction over the parties and over the said real property and the proceeds thereof to carry out the terms of the Judgment."

Plaintiff first learned of the $24,750 note and second deed of trust in June 1990, four months after the judgment of dissolution, when a title search was conducted after a prospective buyer had been found. Thereafter, counsel for plaintiff wrote defendants informing them the second trust deed was invalid because plaintiff had not known of or consented to Hyatt's encumbrance of the Citrus Heights residence. Counsel demanded that defendants cancel the trust deed. Defendants refused.

In December 1990, plaintiff filed the underlying action against Hyatt and the defendants. Her complaint alleged fraud and civil conspiracy and sought cancellation of the note and second trust deed or, in the alternative, damages in the sum of $24,750. Plaintiff did not serve the complaint and summons. At the time plaintiff filed her complaint, the Citrus Heights residence had not been sold.

Apparently, the June 1990, attempt to sell the Citrus Heights residence was unsuccessful. In the spring of 1991, another buyer was found. Once again a title search revealed the second trust deed. On or about March 4, 1991, plaintiff signed instructions directing the escrowee to pay off defendants' note from the proceeds of sale. The escrowee paid off the note and the trustee reconveyed the second trust deed. The funds paid defendants would otherwise have been available to pay down the encumbrance on plaintiff's Southern California property as the judgment of dissolution had directed. As

a result, plaintiff was forced to refinance the Southern California residence to pay off the Metropolitan note.[1]

On April 2, 1992, after the sale of the Citrus Heights residence, plaintiff finally served her complaint and summons in the underlying lawsuit, seeking to recover from Hyatt and the defendants damages in the amount of Hyatt's share of the sale proceeds paid to defendants which were therefore not available to pay down the Metropolitan note as the dissolution judgment had directed.[2]

The trial took one day and neither side requested a statement of decision. The trial court rendered a tentative decision from the bench giving judgment for defendants. In its oral decision the court found the equities were in defendants' favor because plaintiff made a conscious decision not to secure a judgment voiding the encumbrance; instead plaintiff allowed the property to be sold and agreed that the second trust deed would be paid off from Hyatt's share of the sale proceeds. Thereafter the trial court entered judgment for defendants.

 Plaintiff contends she is entitled to reimbursement of the moneys paid defendants from escrow because the second trust deed securing Hyatt's note to defendants was executed in violation of Civil Code former section 5127 (§ 5127).[3]

Section 5127 states in relevant part: "Except as provided in Sections 5110.150 and 5128, either spouse has the management and control of the community real property, whether acquired prior to or on or after January 1, 1975, but both spouses either personally or by duly authorized agent, must join in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered . . . ."

 In *Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26 [283 Cal.Rptr. 584, 812 P.2d 931], the court held that *during the existence of the community* a nonconsenting spouse is entitled to invalidate *in its entirety* an

---

[1]The Citrus Heights residence sold for $95,000. After paying the debt secured by the first trust deed, the broker's commission and miscellaneous costs of sale, the net proceeds were $75,480.83. Plaintiff received one-half the net proceeds. The defendants' note secured by the second trust deed was paid off out of Hyatt's one-half share of the proceeds leaving him with a net equity of $9,628.05 which amount presumably was paid down on the Metropolitan note.

[2]Hyatt did not respond to the complaint and did not appear at trial. Plaintiff received a default judgment against Hyatt in the amount of $25,070.

[3]Civil Code section 5217 was repealed in 1993 (see Stats. 1993, ch. 219 § 59) and reenacted as Family Code section 1102 (see Stats. 1992, ch. 162, operative Jan. 1, 1994). All references to section 5127 are to former section 5127.

encumbrance which violates section 5127. (54 Cal.3d pp. 30, 40, 46.) The court noted a transfer of *community real property* without the consent of both spouses adversely affects the nonconsenting spouse's interest and the dissolution court's ability to make an equitable division of the community property. Allowing such a transfer to stand against a challenge by the nonconsenting spouse would in effect partition the community property during the marriage: "[t]he effect of enforcing one-spouse transfers would be to make community property more like property held as tenants in common and could result in the nonconsenting spouse being forced to become a tenant in common with a stranger." (*Id.* at p. 46.)

*Droeger* is factually distinguishable. Plaintiff did not learn of the encumbrance until after the marriage had been dissolved and the community property divided. Unlike the facts in *Droeger*, here the community no longer existed. That being so, the reasons supporting the remedy of entire voidability no longer obtained. (See *Droeger v. Friedman, Sloan & Ross, supra*, 54 Cal.3d at pp. 34, 37, 46.)

Decisions which involved facts similar to those before us were discussed in *Droeger*. Under those decisions, if the nonconsenting spouse does not discover the encumbrance until, as here, the marriage and the community have been terminated, either by dissolution or death, the remedy of the nonconsenting spouse is limited to voiding the transfer to the extent only of that spouse's community property interest. (54 Cal.3d at pp. 33-35; see *Trimble v. Trimble* (1933) 219 Cal. 340, 344-347 [26 P.2d 477]; *Pretzer v. Pretzer* (1932) 215 Cal. 659, 661 [12 P.2d 429].) ▇▇▇ However, since the second trust deed encumbered only Hyatt's interest and did not affect plaintiff's, the remedy of partial cancellation would avail plaintiff nothing.

In the event, the remedy of cancellation, entire or partial, was mooted by the sale of the residence and reconveyance of the second trust deed. The sale and reconveyance occurred well after the plaintiff learned of the encumbrance and filed her lawsuit seeking to void it. Thereafter plaintiff directed the escrowee to apply the proceeds of sale to the defendants' note. As a consequence the note was paid off and the second trust deed reconveyed. Plaintiff received from the remaining proceeds of sale the value of her one-half community property interest.

In their answer defendants pleaded waiver as an affirmative defense. The trial court concluded plaintiff would have been entitled to void the second trust deed in its entirety even though she did not discover it until after the community was terminated by dissolution. In its tentative decision the trial court found plaintiff had made a conscious decision not to pursue her

remedy of voiding the encumbrance. ■ Waiver is the intentional relinquishment of a known right. (11 Witkin, Summary of Cal. Law. (9th ed. 1985) § 178, pp. 860-861.) ■ As we have indicated, we do not agree with the trial court's legal conclusion. Under *Droeger*, a nonconsenting spouse may, during the existence of the community, invalidate in its entirety an encumbrance which does not conform to section 5127. The remedy is designed to protect the community (*Droeger* v. *Friedman, Sloan & Ross, supra*, 54 Cal.3d at p. 46). Since the community here had been dissolved before plaintiff knew of the encumbrance, plaintiff no longer had a right to void the encumbrance in its entirety. After dissolution of the community, plaintiff's right was limited to voiding the encumbrance to the extent only of her interest in the property. Since the encumbrance by its terms did not affect her interest in the property, the remedy of partial invalidation would not lie.

Although we disagree with the trial court that at the time of trial plaintiff retained a right to void the encumbrance either wholly or partially, the record supports the trial court's factual finding that plaintiff waived a known remedy. Plaintiff first discovered the encumbrance in June 1990 after the dissolution but before the property had been sold. The dissolution court had reserved jurisdiction over the sale and its proceeds to make appropriate orders on application of either party. Plaintiff could have requested a modification of the judgment to adjust the division of the community property to take account of the newly discovered encumbrance. Instead plaintiff signed instructions directing the escrowee to pay off defendants' encumbrance from the sale proceeds. The defendants were paid in full and the deed of trust reconveyed. Rather than seeking relief from the dissolution court, plaintiff chose to proceed with the sale, knowing Hyatt's share of the proceeds would be used to pay off the note owing to defendants. Plaintiff's remedy was to move the dissolution court for a modification of the decree to equalize the property division in light of the newly discovered encumbrance. We conclude plaintiff waived her remedy.

Plaintiff characterizes defendants' conduct as "unlawful." She argues that since she did nothing wrong, she should have a remedy against defendants in damages to compensate for the injury done her by an encumbrance on community property executed without her consent or knowledge. She points out that defendants loaned Hyatt money and accepted the trust deed knowing the security was community property and the trust deed "invalid." We reject this argument.

There is no evidence defendants did anything unlawful. Plaintiff produced no evidence of fraud, conspiracy, or bad faith on the part of defendants and she conceded at trial that she had none. In the absence of any such evidence,

plaintiff has no legitimate basis for characterizing defendant's actions as unlawful.

Plaintiff asserts defendants violated section 5127 and argues that the remedy of invalidation of the encumbrance is not exclusive. As we have pointed out, the postdissolution remedy of the nonconsenting spouse for a section 5127 violation is the invalidation of the transfer to the extent only of that spouse's community property interest. (See *Droeger* v. *Friedman, Sloan & Ross, supra*, 54 Cal.3d at pp. 33-35, and authorities cited therein.) Here, the second deed of trust encumbered only Hyatt's interest and did not affect plaintiff's. Moreover, plaintiff received from the proceeds of the sale of the residence the value of her one-half interest. Plaintiff has shown no entitlement to damages from defendants as to whom plaintiff has utterly failed to prove any wrongdoing.

The judgment is affirmed. Defendants to recover costs on appeal.

Blease, J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 25, 1994.